UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM BOWERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 4:05-CV-2404-AGF |
| | ) |
| **GENE STUBBLEFIELD,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of William Bowers (registration no. C188026), a prisoner at the St. Louis Medium Security Institution, for leave to commence this action without payment of the required filing fee [Doc. 1]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $5.77. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $28.83, and an average monthly account balance of $23.70. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $5.77, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

### The complaint

Plaintiff seeks monetary relief, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. Gene Stubblefield, Superintendent of the Medium Security Institution, is the sole named defendant. Liberally construing the complaint, the Court finds that plaintiff alleges that he was falsely imprisoned for forty-four days in violation of his right to be free from double jeopardy, his right to equal protection, and his right to be free from cruel and unusual punishment. Plaintiff states that he was convicted and sentenced to eight years imprisonment in the Missouri Department of Corrections for sale of a controlled substance. Plaintiff alleges that, after completing this sentence, he was incarcerated for an additional forty-four days on the same charges and "without any commitment papers."

### Discussion

The instant complaint is identical to a previous complaint that plaintiff filed in this Court, which was dismissed as frivolous prior to service of process. *See Bowers v. Stubblefield,* No. 4:05-CV-972-AGF (E.D. Mo.). Therefore, this complaint must be dismissed. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (holding that dismissal of claim as frivolous has res judicata effect on frivolousness determinations for future in forma pauperis complaints raising identical claims.).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $5.77 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because it is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of January, 2006.

_____
**UNITED STATES DISTRICT JUDGE**